[*477]

### *PARK v. PECK AND OTHERS.

Where the purchaser of mortgaged premises had admitted the existence of the lien within twenty years, and promised to discharge the mortgage, it was held sufficient to rebut the presumption of payment arising from the lapse of time.

Such admissions of the purchaser are also legal evidence against all his judg-

ment creditors whose judgments have been recovered subsequent to such admissions.

Where a defendant in a bill of foreclosure knowingly sets up an unjust defence, and thereby subjects the complainant to extra costs and expense, he may be charged personally with the costs.

1829.

Park
v.
Peck.

THE bill in this case was filed to foreclose a mortgage May 25th. given in 1803, which had been due more than twenty years. One of the defendants was the purchaser of the equity of redemption, and the others were the judgment creditors of such purchaser. They alleged, in their answers, that the mortgage was paid, and insisted upon the lapse of time as evidence of such payment. To rebut this presumption, the complainant gave in evidence the admissions of the administrator of the mortgagor, and also the admissions of the purchaser of the equity of redemption made by him subsequent to his purchase and prior to the judgments of the other defendants.

*W. Silliman,* for the complainant, contended that no presumption of payment could be raised against the mortgage from the lapse of time, it being less than 25 years since it was given; that a longer time was necessary to raise the presumption in the case of a mortgage than of a bond; and that if the lapse of time was sufficient to raise the presumption of payment, such presumption was rebutted by the circumstances of the case. (*Oswald* v. *Leigh,* 1 Term R. 271; *Hillary* v. *Waller,* 12 Ves. 264; *Fladong* v. *Winter,* 19 Ves. 196; *Boltz* v. *Bullman,* 1 Yeates' Rep. 584; *Executors of Brewton* v. *Executors of Cannon,* 1 Bay's R. 483; *Cottle* v. *Payne,* 3 Day's R. 289; *Quince* v. *Ross,* Taylor's R. 155; *Jackson ex dem. The People* v. *Pierce,* 10 John. R. 414; *Roseboom* v. *Billington,* 17 John. R. 182; *Jackson* v. *Delancey,* *11 John. R. 365; *Jackson* v. *Delancey and another,* 13 John. 537; *Colsell and others* v. *Budd and others,* 1 Campb. 27; Phil. Ev. 114; *Toplis* v. *Baker,* 2 Cox's Ch. Cas. 122.) If the complainant fails on account of the presumption of payment from the lapse of time, he will not be

[*478]

1829.

Park
v.
Peck.

liable to costs. (*Demarest* v. *Wynkoope*, 3 John. Ch. ·147.) But the defendants having, by an unjust defence, put the complainant to expense and trouble, ought to be decreed to pay costs. (2 Mad. 427, 423.)

*C. F. Grim*, for the defendants, cited *Oswald* v. *Leigh*, 1 D. & E. 271; *Giles* v. *Barremore*, 5 John. Ch. 552; *Hillary* v. *Waller*, 12 Ves. 266; *Trash* v. *White*, 3 Brown's C. C. 289; *Collins* v. *Torry*, 7 John. R. 283; *Whiting* v. *White*, 2 Cox's Ch. Cas. 293.

THE CHANCELLOR:—The evidence is sufficient to rebut the presumption of payment arising from the lapse of time- The mortgage was given in 1803, and payable the succeeding year. The mortgagor was a brother of the complainant, and continued poor until his death, in 1810 or 1811. In the latter year his administrator acknowledged the mortgage was unsatisfied, and sold the premises under the surrogate's order subject to the lien thereof. The evidence is sufficient also to show that Peck, the purchaser, frequently recognized it as an existing incumbrance and promised to settle it.

These admissions and promises were made long prior to the judgment of Hart and Card against Peck, and therefore are evidence against them as well as himself. There must be the ordinary decree for a reference to ascertain what is due on the mortgage, and for a sale on the coming in of the master's report.

The complainant asks costs against the judgment creditors who have put in their answers, and put him to the proof of the existence of the lien. If a defendant, against his better knowledge, sets up an unjust defence and puts the complainant to extra costs when the premises are insufficient to pay the whole amount, such extra costs ought to be charged on the defendant personally. But this is not a case of that description. These judgment creditors had

[*479]        no knowledge *that the mortgage was an existing incum-

brance; and from the complainant's neglect to enforce it for more than twenty years after the amount was due, they had a right to presume it paid, and to put him to prove the contrary. He has no personal claim against them for the costs in such a case.