Carll *v.* Hart.

———o ● o———

CARLL, executor, &c. *vs.* HART, executor, &c. and others.

The provision of the revised statutes in respect to the presumption of payment of sealed instruments, arising from lapse of time, (2 *R. S.* 301, § 48,) is prospective. In respect to demands then existing it affects the right of action in like manner, only, as if the demand accrued at the time when the statute took effect.

Consequently payments upon a bond and mortgage executed in 1805, and written admissions of indebtedness, if made within twenty years before the commencement of the action, are sufficient to repel the presumption of payment arising from lapse of time

THIS action was brought to foreclose a mortgage executed by John Hart to Phinehas Carll—accompanied by a bond of the

mortgagor—on the 19th of October, 1805, for $1460, payable on or before the 1st day of May then next, with interest. The mortgagee died in 1828, leaving a will, of which the plaintiff was appointed executor. In 1831 the mortgagor died, leaving a will, of which Joel S. Hart was appointed executor. Joel S. Hart was originally a party defendant in the action; he died, and the defendant Isaac N. Hart, executor of his will, was substituted in his place. The defendants, in their answer, alleged payment of the bond and mortgage in the lifetime of John Hart, and set up specially as a defense, the statute in respect to the presumption of payment arising from lapse of time. In the reply payment was denied, and it was alleged that "John Hart, in his lifetime, and within twenty years before the commencement of this action, acknowledged and recognized the existence of the bond and mortgage, as a valid and subsisting bond and mortgage and a valid and subsisting lien upon the premises described in the said mortgage," and further, that "John Hart in his lifetime, and within twenty years before the commencement of this suit, made payments upon the said bond and mortgage." The defendants demurred to the reply, assigning for cause, that payments by the mortgagor, or verbal acknowledgment by him, after the expiration of twenty years from the time the cause of action accrued, would not repel the presumption of payment; and that no acknowledgment would be sufficient for that purpose unless in writing. The cause was brought to argument upon the demurrer, at a special term, and judgment was ordered in favor of the plaintiff thereon, with leave to the defendants to withdraw the demurrer, or amend the answer, &c. A stipulation was then entered into between the attorneys of the respective parties, whereby the issue of fact was referred to a referee to hear and decide, and it was agreed that in case the defendants should appeal from the judgment which might be ordered upon the report, the appeal should embrace the questions arising upon both the issues of law and fact. The action was tried before the referee, who, upon the trial, admitted, against the objection of the defendants, letters of Joel S. Hart to the plaintiff, written in 1848 and 1849, in relation to pay-

Carll *v.* Hart.

ments and the amount due on the bond and mortgage. A report was made in favor of the plaintiff for $1430,97. Judgment having been entered, the defendants appealed to the general term.

*E. G. Lapham,* for the appellants.

*H. O. Cheesebro,* for the respondent.

*By the Court,* T. R. Strong, J. If the provision of the revised statutes (2 *R. S.* 301, § 48) in respect to the presumption of payment arising from the lapse of time, in reference to sealed instruments, is applicable to this case, its operation was prospective; it affected the right of action in like manner only as if the demand accrued when the provision took effect. (*Waddell* v. *Elmendorf,* 12 *Barb.* 583. *People* v. *Supervisors of Columbia,* 10 *Wend.* 363. *Fairbanks* v. *Wood,* 17 *Id.* 329. *Van Rensselaer* v. *Livingston,* 12 *Id.* 490. *Sayre* v. *Wisner,* 8 *Id.* 661. *Wadsworth* v. *Thomas,* 7 *Barb.* 445.) Giving it that operation, the fact admitted by the demurrer, of payments upon the bond and mortgage, by John Hart, who executed them, in his lifetime, and within twenty years before the commencement of the action, were, within the express words of the provision, sufficient to repel the presumption of payment. John Hart, as stated both in the complaint and answer, died in 1831; the action was commenced in the fall of 1850; the payments must therefore have been within a year previous to his death, and within twenty years from the time the right accrued.

If the law on the same subject, in force when the statute provision took effect, is to govern, it is still more clear, that upon the facts admitted, the presumption of payment was overcome. In addition to payments upon the bond and mortgage, the demurrer admits the acknowledgment and recognition by John Hart, within the same period, of the existence of the bond and mortgage as valid and subsisting. And before the statute, a verbal acknowledgment, or recognition of the debt, was sufficient to rebut the presumption. (*Park* v. *Peck,* 1 *Paige,* 477. *Heyer* v. *Pruyn,* 7 *Id.* 465. *Van Rensselaer* v. *Livingston,* 12 *Wend. R.* 490.)

Whether it was before or after the presumption attached, was not material.

I see no error in the admission of the letters of Joel S. Hart; and the conclusion of the referee in respect to the adjustment of the amount due in 1837, and the agreement to allow interest therein, cannot properly be disturbed.

Judgment affirmed, with costs.

[MONROE GENERAL TERM, September 5, 1853. *Welles, Selden* and *T. R. Strong,* Justices.]