<hr />

## MOREY *vs.* THE FARMERS' LOAN AND TRUST COMPANY.

Where, in an action by the purchaser, upon a sealed instrument, for the sale and purchase of land, the plaintiff alleges in his complaint, generally, payment by him of the whole purchase money, and upon that ground claims a conveyance from the defendant of the legal title, pursuant to the covenant contained in the written contract, and for the *evidence* of payment relies solely upon the presumption arising from the lapse of time, no evidence can be given, by the defendant, to repel that presumption, except the payment of some part of the consideration, or a written acknowledgment of a right of action, within twenty years.

The section of the statute, relative to the presumption of payment, arising from lapse of time, in actions upon "sealed instruments for the payment of money," (2 *R. S.* 301, § 48,) includes sealed articles of agreement for the sale and purchase of land.

THIS was an action to enforce the specific performance of a contract for the sale of real estate, and to restrain the defendant from prosecuting an action to recover the possession of the land in question. On the 16th of June, 1815, William Willink and others covenanted to sell and convey to Jonathan Drew the land in question, upon the payment by Drew of $407.50, in certain specified payments. The last payment was to be made in June, 1821, and Drew covenanted to make the payments. A small sum was paid at the time. On the 20th of June, 1815, Drew assigned the article of agreement to one Jones, who entered upon the premises. Jones' interest passed, through various mesne assignments, to Samuel Corliss, November 4, 1830. On the 4th of December, 1830, Corliss transferred the contract, and all his interest in the *land in question*, to Ephraim Morey. In January, 1841, the plaintiff, through several mesne assignments of the contract, acquired the interest of Morey. The defendant showed title, by sundry mesne conveyances, from Wm. Willink and others. The grant to the defendants was made in January, 1838. The defendants and their grantors had notice of the contract of June 16, 1815, and of the rights of those occupying the premises under the contract. In October, 1850, the defendants commenced an action against the present plaintiff, to recover the possession of the land in question, and in December, 1852, this action was commenced. It was tried before one of the justices of this court at a special term, when the above facts appeared. The defendant also proved, under objection and exception, that in the fall of 1847 an agent of the defendants visited the premises in question, for the purpose of fixing a price upon them; that the plaintiff then occupied the premises, and saw the agent, who told the plaintiff that he was there for the purpose of affixing a price upon the premises, so that the person claiming the possession should have the first chance to purchase; that he, the agent, was acting in behalf of the defendants; that the plaintiff went upon the premises with the agent, and stated that he had built a barn, at a cost of about $250, and had made other improvements. The plaintiff stated to the agent that he would purchase of the company if he could get the land at a fair

price. The witness stated further conversations, tending to show, on the part of the plaintiff, that he did not claim the title to the land, but recognized the title of the defendants. The plaintiff did not make any claim to the title. There was no evidence, upon the trial, of any actual payment upon the contract, other than what was paid at its date, and the plaintiff relied upon the presumption of payment, arising from the lapse of time. The judge found, as a question of fact, that the purchase money agreed to be paid remained unpaid, and decided that the plaintiff was not entitled to a conveyance of the premises in question, and gave judgment for the defendants. The plaintiff excepted.

*J. L. Talcott,* for the plaintiff, cited 2 *R. S.* 301, § 48; 3 *John. Ch.* 129; 16 *John.* 210; 7 *Id.* 556; 6 *Cowen,* 401; 3 *Denio,* 314; *Mathews on Pres. Ev.* 372, 379; *Farmers' Loan and Trust Co.* v. *Farrington, MS. Opinion of the Court,* 8th *Dist. by Hoyt, Justice;* 12 *John.* 242; 15 *Wend.* 180.

*J. L. Brown,* for the defendant, cited 2 *R. S.* 301, § 48; 16 *John.* 210; 6 *Cowen,* 401; 1 *Paige,* 477; 7 *Id.* 465; 1 *John. Ch.* 313; 5 *Id.* 545.

*By the Court,* MARVIN, P. J. The last payment, covenanted to be made in the articles of agreement for the sale and purchase of the land, became due June 16, 1821, and the action to recover the possession of the premises was commenced in October, 1850, by the present defendant against the present plaintiff. The plaintiff in this action alleged, in his complaint, generally, payment of the whole consideration, and upon that ground claims a conveyance from the defendants of the legal title of the premises pursuant to the covenant contained in the contract for the sale of the premises. For the evidence of payment he relies solely upon the presumption arising from the lapse of time, and insists that no evidence could be given to repel this presumption, except payment of some part of the consideration, or a written acknowledgment of a right of action, within twenty years next before the action was commenced; and to support this po-

sition he relies upon the 48th section of 2 *R. S.* 301. The defendant insists that this statute has no application to the case; that the statute relates to " sealed instruments, for the payment of money," and does not apply to mutual covenants providing for the doing of other things besides the payment of money. The defendant also insists that the evidence to rebut the presumption of payment was properly received, and that as it tended to show that the plaintiff had no title, and as no claim of payment was established, the court was justifiable in finding that the consideration had not been paid. This I regard as the important question in the case. If the evidence to repel the presumption of payment was properly admitted, it seems to me that the finding of the court upon the issue of payment cannot be disturbed.

Prior to the revised statutes, the presumption of payment after the lapse of twenty years, and in some cases a shorter time, was allowed to prevail, and to defeat actions upon bonds, mortgages and other contracts for the payment of money. This presumption, however, was liable to be rebutted by any evidence that tended to show that in fact payment had not been made; and evidence explaining the delay, in bringing the action, was often admitted, and, if satisfactory, overthrew the presumption. (*See* 1 *Greenl. Ev.* § 39 ; 2 *Id.* § 528 ; *Mathews' Pres. Ev.* 358 *et seq.;* 6 *Cowen,* 403 ; 16 *John. R.* 210 ; 3 *John. Ch. R.* 129 ; 1 *Paige,* 477 ; 7 *Id.* 465.) The statute referred to provides, that " after the expiration of twenty years from the time a right of action shall accrue upon any sealed instrument, for the payment of money, such right shall be presumed to have been extinguished by payment ; but such presumption may be repelled *by proof of payment of some part, or by proof of a written acknowledgment* of such right of action within that period." (2 *R. S.* 301, § 48.)

The section is new. Most of it, however, is in affirmance of the common law. The decisions as to the precise time that should elapse, before the presumption should attach, was not uniform; or rather, they did not agree upon any uniform precise time. The statute fixes the time at twenty years. By the common law, as already stated, the presumption might be rebutted by any evidence tending to show that payment had not been made.

By the statute the presumption may be repelled by proof of payment of some part, or by proof of a written acknowledgment, &c. It is clear that the presumption may be repelled in either of these ways; but is it clear that other modes, to which resort could be had at common law, are excluded by the statute? It is insisted, by the counsel for the plaintiff, that the maxim "*Expressio unius exclusio est alterius*" applies. This maxim generally finds its application in the construction of contracts; it is, however, applicable to the construction of statutes. As a general rule, a statute in affirmance of the common law does not abrogate the common law. When the words of a statute are general, and only declaratory of the common law, it may extend to others besides the persons or things named; sometimes the expressions used are restrictive, and intended to exclude all things not enumerated. (*Broom's Legal Max.* 285.)

On consulting the revisers' notes, I find that that part of the section we are considering, as reported, read thus—" but such presumption may be repelled *by competent proof of* an acknowledgment of such right of action, within that period." This would have left undisturbed the rules of evidence by which the presumption of payment might be rebutted. Any *competent proof* could have been resorted to. The legislature, however, substituted the present language. Did they thereby intend to limit the rebutting evidence to a payment of part, or a written acknowledgment? I am of the opinion that such was the intention of the legislature, and that the statute should be so construed. I have come to this conclusion with some hesitation. The language used by the revisers was well adapted to preserve the law, as to the mode of rebutting the presumption, as it was; and we must, I think, hold that the legislature intended to restrict and limit the proof. In the preceding section, touching judgments, the language is, "may be repelled by proof of payment or of written acknowledgment of indebtedness," &c. It is added, however, that in all other cases it [presumption] shall be conclusive. The language as inserted by the legislature in § 48 is like the language in § 47, and although it is not added that the presumption shall be conclusive, I think the legislature in-

tended to put judgments and sealed instruments for the payment of money upon the same footing.

*Henderson* v. *Henderson*, (3 *Denio*, 314,) was cited upon the argument by the plaintiff's counsel. It was there held, that when twenty years have elapsed from the time judgment was signed and filed, the defense must be interposed by a *plea of payment*. Justice Bronson remarks, that the presumption may be repelled by proof of payment of some part of the debt, or a written acknowledgment, &c. This is substantially the language of the statute. The question we are now considering was not up in that case, and the learned judge did not discuss it. I do not rely upon the case as an authority in point, and no case in point was cited on the argument; and I have found none. If I am right in this construction of the statute, it disposes of the case. The evidence of the conversation, between the plaintiff and the agent of the defendant, was improperly admitted to repel the presumption of payment. It is not claimed that it tended to prove payment of any part of the consideration. There was no evidence, on the trial, of any written acknowledgment of a right of action.

In my opinion the statute includes this case. The article of agreement for the sale and purchase of the land was a " sealed instrument, for the payment of money."

It was objected by the plaintiff's counsel that the statute is in effect a statute of limitations, and the presumption of payment is only available as a *defensive weapon*, and not as an instrument for affirmative relief. And he insisted that the complaint ought to be dismissed. We are to assume that the consideration agreed to be paid was paid at the time it was, by the contract, payable. This was so held in *The Farmers' Loan and Trust Co.* v. *Farrington*, decided in this district; opinion by Justice Hoyt. Where the vendee pays all the consideration money according to the terms of the agreement, he is entitled to a conveyance according to the terms of the agreement. In my opinion, the plaintiff is entitled to a conveyance.

The whole case, I think, turns upon the construction to be given to the latter clause of the § 48 of the statute. If my

construction is right, there should be a new trial; otherwise I think there should not be. The plaintiff offered to prove the claims and declarations of those from or through whom he derived his interest, while they were in possession. I think the court properly excluded this evidence. The question of adverse possession was not involved. Those declarations were not competent upon the question of payment. There should be a new trial; costs to abide the event.

[GENESEE GENERAL TERM, September 4, 1854. *Marvin, Bowen* and *Green,* Justices.]