The Chancellor.
Upon a bill of foreclosure, the complainant obtained a decree. The mortgaged premises are deemed insufficient to satisfy the prior mortgage and the complainant’s debt and costs. In case of such insufficiency, the complainant asks a decree against all the defendants personally for costs. The defendants are the mortgagor, a prior mortgagee, and the purchaser of the equity of redemption. *325 The complainant held his mortgage by assignment from the original mortgagee. The claim was resisted upon the ground that the mortgage was fraudulent. Each of the defendants filed a separate answer setting up the same defence.
1. As against the mortgagor, the complainant is entitled to costs. He is personally liable for the debt, and the defence upon his part was unfounded and unreasonable.
2. Ordinarily the purchaser of the equity of redemption would stand in the shoes of the mortgagor, and would be liable to so much of the costs as were occasioned by his ill advised opposition. But the case is a peculiar one. The mortgage, in its original inception, was shown to be fraudulent and void as against creditors. The fraud was established by the evidence both of the mortgagor and mortgagee. The complainant recovered, notwithstanding the fraud, upon the ground that he was a bona fide purchaser for value without notice. The owner of the equity of redemption purchased at a sheriff’s sale under a judgment at law against the mortgagor. He stood, therefore, in the shoes of the judgment creditor, against whom the mortgage in the hands of the original mortgagee was fraudulent and void. He was entitled to put the complainant upon proof of the bona fide» of his claim. It was only upon such proof that the complainant was entitled to recover. Although the answer of this defendant was made upon mistaken grounds, it was neither unreasonable nor ill advised. The circumstances of the case, as disclosed by the evidence, fully warranted the filing of the answer. Upon the facts, so far as they were within the knowledge of the defendant, he was justified in believing that the mortgage was void as against his title. Under such circumstances, he is not personally liable for costs. Park v. Peck, 1 Paige 477.
3. The prior mortgagee, by his answer, also attacked the validity of the complainant’s mortgage. This was unwarranted, unnecessary, and vexatious. His mortgage was admitted to be prior to that of the complainant. He had no interest in the question. Whether the mortgage of the com *326 plainant was valid or invalid conld in no wise affect his rights. By his answer, he objects to the foreclosure of his mortgage, and desires that it should remain an encumbrance on the property. There was then no necessity for his filing any answer. If he had declined to answer or to appear before the master his rights would have been fully protected. Yet he subsequently appears before the master, and claims a report and decree for the amount of his mortgage. The same counsel was employed by all the defendants, and three separate answers were filed, all presenting the same defence. The only effect, was to swell the costs, and thus diminish the complainant’s security. This cannot but be regarded as unwarranted and vexatious. This defendant is justly liable for all the extra costs occasioned by his answer. The strict measure of equity would be, that he should have no costs allowed out of the estate occasioned by his unnecessary and mistaken denial of the complainant’s rights, and that he should be held personally liable for all extra costs occasioned to the complainant by such defence. There may be difficulty in discriminating, and further expense incurred in ascertaining precisely what portion of the costs of either party were occasioned by such unjust defence. The ends of justice will therefore be best attained, and substantial equity done, by simply denying the first mortgagee his costs out of the mortgaged premises.
The decree will be made- accordingly.