JOSEPH C. MOORE

v.

LYDIA CLARK et al.

1. On foreclosure of a mortgage more than twenty years old, that the defendant, in taking a deed for *part* of the premises, within twenty years, accepted the title subject to the mortgage, is a sufficient acknowledgment to take the case out of the statute of limitations.

2. As between the mortgagor and his grantee, the defendant, the latter is liable for the whole mortgage debt, as well as the land conveyed to him; but as between the mortgagee and the mortgagor all the premises remain liable, because the acknowledgment of the grantee also binds his grantor, the mortgagor.

3. The court cannot, on foreclosure, take notice of a parol partition of the premises covered by the mortgage, so as to affect the lien or claim of the mortgagee.

On pleadings and proofs.

*Mr. D. J. Pancoast,* for complainant.

*Mr. W. A. House,* for defendants.

BIRD, V. C.

This bill is filed to foreclose a mortgage. The defence is payment, or rather the statute of limitations is set up as a bar. The mortgage was executed more than twenty years before suit brought. The answer to this defence is that the defendant, the

present owner, took title before the expiration of the twenty years, and when he took the title he accepted a deed in which it was expressly stated that it was conveyed subject to this mortgage. I conclude that that was such an acknowledgment as will take the case out of the statute. *Jackson* v. *Wood, 12 Johns. 242; Park* v. *Peck, 1 Paige 477; Heyer* v. *Pruyn, 7 Paige 465; Jackson* v. *Slater, 5 Wend. 295.*

I will advise a decree for the complainant for the principal of his mortgage, with interest from the time the same became due.

Some question was raised at the hearing as to the quantity of land covered by the mortgage. I think that this court only has power to insert in the decree for the sale of the premises the precise description found in the mortgage, with whatever exceptions or limitations there may be therein imposed. But if the grantee of the mortgagor, who took subject to the mortgage, did not take a grant for all the land, then it seems to me that, as between the mortgagor and his grantee, the grantee would be liable for the whole mortgage debt, and the part of the land mentioned in his deed would also be liable; but not so as between the mortgagee or his assigns and the mortgagor, as to the balance of the land covered by the mortgage; as to such balance the lien of the mortgage remained perfect, notwithstanding the sale and conveyance of a part, and still is perfect unless the statute applies. Does the statutory bar apply? I think not; for the reason that the acknowledgment which binds the grantee, as I have concluded above, ought certainly to operate with equal force against the grantor. Therefore I conclude that all the land described in the mortgage is still subject thereto, and is liable to be sold on foreclosure to satisfy the same.

Again, it was urged that there had been a verbal partition, and the court was called upon to recognize that partition as so made between certain cotenants. As to this I also say that this court will not, in a foreclosure suit, attempt to determine the quantity of interest or estate covered by the mortgage. This rule is so reasonable that I know of no exception, except in partitions under the statute, the statute itself then limiting the operation of the mortgage lien to the parcel assigned to the mortgagor. *Emson* v. *Polhemus, 1 Stew. Eq. 439.*