jurisdiction to hear it. Decided that as the constitution gives an appeal to the chancellor from all inferior equity tribunals, and the legislature has made no provision for a case where the chancellor is related to one of the parties, authorizing any other person to sit for him, the chancellor is bound to hear the appeal, even where a near relative is personally interested. And that the provision of the statute, prohibiting any judge from sitting where he is related to either of the parties is controlled by the constitution as the paramount law.

Order directing all future proceedings in this cause to be in the name of the present assistant register.

*Helen Quackenbush et al* v. *Mary Leonard et at.*    M. FAIR-CHILD and J. CRARY, for appellants ; S. STEVENS, for respondents.    Order appealed from affirmed with costs, and proceedings remitted to vice chancellor of the third circuit.

*John D. Christie and wife* v. *Jacob E. Bogardus et al.*— G. F. COMSTOCK, for complainants ; BEN JOHNSON, for defendants.    Application to set aside an injunction for irregularity.    The chancellor decided that although, in a suit to stay proceedings at law in a personal action, after judgment, the chancellor or vice chancellor before whom the bill is filed has power to dispense with the actual deposite of the amount of the judgment and costs, upon any sufficient cause shown, and to take a bond with sureties for the payment of the judgment, yet that even in that case the complainant must give another bond for the payment of the damages and costs which may be awarded in this court.    Or the penalty and condition of the other bond must be enlarged so as to conform to that requirement of the statute also.

That in no case can an exparte injunction be issued to stay the plaintiff in a judgment from proceeding against the judgment debtor or his property without an actual deposite of the amount claimed to be due, and giving the bond with sureties for damages and costs ; or the giving of proper security for the payment of the judgment and for the damages and costs which may be awarded in this court.

That where the whole or part of a judgment has been paid and the plaintiff therein is proceeding to collect the whole

*[margin note:]* Security or deposit, on obtaining injunction to stay proceedings at law.

amount, the remedy of the defendant is to make a summary application to the court in which the judgment was recovered. Or if it is necessary for him to apply to this court to stay the proceedings on the judgment he should state the fact of such payment in his bill, and swear to it, and give the adverse party notice of an application for an injunction.

That upon such an application, to authorize it to dispense with any part of the deposit or the giving of security in lieu thereof, the court must be satisfied beyond any reasonable doubt, that the part of the amount of the original judgment as to which neither security or deposite is required, is actually paid and satisfied.

That a bond for the damages and costs which may be awarded against the complainant, can in no case be dispensed with, upon the granting of a preliminary injunction to stay proceedings at law upon a judgment; although such injunction is granted upon a special application to the court, and upon the hearing of both parties.

Injunction set aside, with costs to be taxed.

*Martha Bradstreet* v. *Rensselaer Schuyler et al.* J. F. SEYMOUR, for appellants; L. H. PALMER, for respondents. Order overruling plea affirmed with costs, and proceedings remitted. Defendants to have same time to answer as they had at the time of appealing.

*Charles Bradley* v. *Edmond Bosley, Jun.* D. H. CHANDLER, for appellant; J. B. SKINNER and O. HASTINGS, for respondent. Decree appealed from reversed with costs; and a decree directed to be entered declaring that the complainant has an equitable lien upon the Le Roy farm for the amount of the difference in value between the Illinois lot and what it would have been if defendant's representations had been true; together with interest; and directing payment of that amount with the costs of this suit, and if the same is not paid within thirty days, the land be sold by a master, &c.

*Frederick J. Barnard et al* v. *Charles A. Darling.* O. ALLEN, for complainants; C. P. COLLIER, for defendant.— Application to take the bill from the files, or to dismiss it, and to dissolve injunction, denied with costs.