## SUPREME COURT.

WM. JAMES ST. JOHN, HENRY JOSEPH ST. JOHN, and FERDINAND ST. JOHN, respondents, agt. JOHN CROEL, appellant; and ten other actions by same plaintiffs against different defendants.

An *order*, made at special term, allowing actions to be continued in the name of surviving plaintiffs, and admitting others in place of a deceased plaintiff, is *appealable;* because it affects *a substantial right.* (*Code,* § 349.)

Code, § 121, says, "In case of death, marriage, or other disability of a party, the court, on motion at any time within one year thereafter, or afterwards, on a supplemental complaint, may allow the action to be continued, by or against his representative, or successor in interest."

*Held,* that it is equally necessary under this section, as under the Revised Statutes, (2 *R. S.* 308, § 32, *in actions of ejectment,*) to show that persons asking to be made plaintiffs, have *succeeded to the title* of the deceased plaintiff. And the persons applying are bound to show a clear *prima facie* case, before they can be permitted to come into the litigation.

Where it is asked that A. B. and C. D. be substituted as plaintiffs, and in case that cannot be done, then that the *court* determine which of the two was the legal successor to the title; it is asking more than should be required of the court.

An infant *son* of a deceased plaintiff, claiming as *heir,* and a *devisee in trust,* claiming under the will of the deceased plaintiff, both can not be substituted as plaintiffs, because their claims are, to some extent, hostile to each other— at least, are not in harmony.

And where it appeared that the *son* was an *alien,* and thereby incapable of inheriting lands in this state, and the *trustee* under the will did not take the *legal estate,* but only a *power in trust,—Held,* that neither could be substituted as plaintiff, in place of the deceased plaintiff.

*Monroe General Term, September,* 1854.
JOHNSON, P. J., T. R. STRONG, and WELLES, JJ.

St. John and others, Respondents, agt. Croel, Appellant, &c.

Appeal from an order made at special term, on petition for leave to file supplemental complaints.

The actions were commenced in 1840, and were all ejectment suits to recover parcels of land in Ontario county, of which the defendants in the several suits were respectively alleged to be in possession. The petition states, that the premises in question, in all the suits, are parcels of certain lands purchased for, and conveyed to, the above named plaintiffs and their deceased sisters, Isabella St. John and Antoinette St. John, children of the late lord Bolingbroke, in joint tenancy, in the year 1807. That, in 1835, Henry Joseph St. John and Ferdinand St. John conveyed their shares, at different times, to their brother, William James St. John.

The declarations, in each of the suits, contained two counts: one, in the name of the three brothers, the above named plaintiffs, and the other in the name of the said William James St. John. Issue was joined in each of the suits, and they were all noticed for trial at the May circuit in Ontario county, in the year 1844; but only one, that against the defendant William West, was tried, in which a verdict was rendered for the plaintiffs for three-fifths only of the lands claimed, in consequence of the circuit judge having overruled the testimony as to the death of the two daughters, Isabella and Antoinette. That several exceptions having been taken on both sides, the court declined to hear any other of the said causes, until the questions involved in the exceptions should be disposed of. That a bill of exceptions was taken, but before it could be disposed of, the said William James St. John died, leaving a widow (since deceased) and one child, John Henry Herbert St. John, who was born in France, and is still an infant; and also leaving his said two brothers, Henry and Ferdinand, him surviving, both of whom were then supposed to be illegitimate; but that it has since been discovered that the said Ferdinand St. John was born in lawful wedlock. That the said William James St. John left a will, properly attested, by which he devised all his estate, in the state of New-York, to Beverly Robinson and Philip Ricketts, (the latter of whom has since died,) and to

their heirs, executors, administrators, and assigns, in joint tenancy, in trust to sell and dispose of the same, and apply the proceeds thereof to the payment of all debts and incumbrances thereon, and to distribute the residue among his wife and children. That said Robinson has proved the will before the surrogate of the city of New York as a will of real and personal estate, and taken upon himself the execution thereof. That, from an omission to insert in the said will an express authority to receive the rents, issues, and profits of the said estate, it was apprehended by counsel that the trustees took only a power in trust, and that the bare legal title passed to the heir at law, subject to the said power. That doubts also existed, whether the said infant son of the testator was a citizen of the United States, or an alien. That the said suits remain in the same condition in which they were upon the death of the said William James St. John, that is to say, at issue; and that no verdict has been had in either of them, except in the case of West, as before stated, who has since died.

The petition then, after setting forth various motions, petitions, and other proceedings, with a view to get the proper parties plaintiffs upon the record in the several suits, made necessary, or thought to be so, in consequence of the death of the said William James St. John, and of the other facts before mentioned, prays, in substance, for leave to amend the declarations, by striking out the second counts, and expunging the name of the said William James St. John from the first count, and making it a joint count in the names of the said Henry Joseph St. John and Ferdinand St. John, in such form as counsel may advise; and by adding two separate several counts in the names of the said Henry Joseph St. John and Ferdinand St. John, respectively. That the said Beverly Robinson and John Henry Herbert St. John be made parties plaintiffs in the place of the said William James St. John, deceased; and if not both, then that such one of the parties as the court should, on the hearing of the motion, determine to be the proper party to be made plaintiff, should be made a party plaintiff accordingly; and that such counts, for that purpose,

might be added as counsel should advise; and for such further or other relief as to the court should seem meet, and as the nature of the case might require.

The court, at special term, upon this petition, made an order, allowing the actions to be continued in the names of Henry Joseph St. John and Ferdinand St. John, the surviving plaintiffs therein, and of John Henry Herbert St. John, the said infant child and heir at law of the said William James St. John, deceased, who was thereby admitted a party plaintiff in said actions, in place of his father, the said William, and that they should have leave to add the following counts to the declarations in said actions, viz.: A joint count in the names of the said Henry Joseph St. John and Ferdinand St. John, as survivors of the said William James St. John, deceased, in such form as counsel might advise—a several count in the name of Ferdinand St. John, he claiming to be a brother and heir at law of the said William James St. John, deceased, in such form as counsel might advise; also, a count in the name of the said John Henry Herbert St. John by Beverly Robinson, his next friend—he claiming to be the only child and heir at law of the said William James St. John, deceased, in such form as counsel might advise; and that the said interests might be presented by a complaint in the nature of a supplemental complaint, as counsel might advise, on condition of payment of costs of the application, &c.; and also making provision for certain other matters, as to which there is no controversy on this appeal, and therefore not necessary here to be specified.

From this order the plaintiffs appeal to the general term. A motion is made at the same time to dismiss the appeal, which was argued at the same time as the appeal.

B. F. COOPER and E. G. LAPHAM, *for appellants.*
A. H. DANA and J. A. SPENCER, *for respondents.*

By the court—WELLES, Justice. The only question on the motion to dismiss the appeal, which is not put to rest by the counter affidavits, is, whether the order is appealable. The

349th section of the Code allows an appeal to the general term, from an order made at special term, in five different cases. The third is, "where it involves the merits of the action, *or affects a substantial right.*"

There can be no doubt, I apprehend, that the order appealed from in this case does affect a substantial right. I shall therefore proceed to the consideration of the appeal upon its merits.

The Revised Statues provide that, " the action of ejectment shall not abate by the death of any plaintiff, or of one of several defendants, after issue, and before verdict or judgment; but the same proceedings may be had, as in other actions, to substitute the names of those who may succeed to the title of the plaintiffs so dying; in which case the issue shall be tried as between the original parties; and in case of the death of a defendant, the cause shall proceed against the other defendants." (2 *R. S.* 308, § 32.) The proper proceeding to substitute the names of those succeeding to the title of the deceased plaintiff, in an action of ejectment, *was* by *scire facias.* (2 *R. S.* 386, §§ 2 and 3 ; *James* agt. *Bennett,* 10 *Wend.* 540.) In such proceeding, by *scire facias,* it was necessary for the persons asking to be made plaintiffs, to show that they had succeeded to .such title as the original plaintiff had. (*Boynton and Youmans* agt. *Hoyt,* 1 *Denio,* 53.)

By the Code, (§ 121,) " In case of death, marriage, or other disability of the party, the court, on motion at any time within one year thereafter, or afterwards, on a supplemental complaint, may allow the action to be continued *by or against his representative, or successor in interest.*"

Assuming that this provision of the Code applies to existing suits, it is equally necessary, as under the revised statutes, to show that the persons asking to be made plaintiffs, have succeeded to the title of the deceased plaintiff. The petition in this case asked to have John Henry Herbert St. John, the son, and Beverly Robinson, the surviving devisee in trust, of the deceased plaintiff, substituted as plaintiffs. This could not be done, for the reason that it is apparent they have not both

succeeded to the interest of the deceased plaintiff in the lands
in question. Their claims are, to some extent, hostile to each
other—at least, they are not in harmony. In case that cannot
be done, it was asked to have the court determine which of the
two was the legal successor to the title. This is asking more
than should be required of the court. The parties applying
are bound to show a clear *prima facie* case, before they can be
permited to come into the litigation; which neither of them have
done. The papers show, I think, that John H. H. St. John,
the son of the deceased plaintiff, was born in France, of an
alien mother, while both of his parents were permanently re-
siding there, and was therefore himself an alien, and incapable
of inheriting lands in this state. The order appealed from
only allowed him to be substituted a plaintiff, as successor to
the interests of his father in the lands in question.

Mr. Robinson, the surviving trustee, could not properly, on
these papers, be substituted as plaintiff, for the reason that, ac-
cording to his own showing, the legal estate did not vest in the
trustees, under the will of William James St. John. The will
is not among the papers used on this motion; and has not been
presented to us; but if, by its terms, as suggested in the peti-
tion, it only devised the land to Robinson and Ricketts in
trust to sell and dispose of the same, and apply the proceeds
of the sales in the manner therein mentioned, without authority
to receive the rents and profits, it is quite clear they only took
a power in trust, and not the legal estate.

No amendment can be made, founded upon any event which
has happened since the commencement of the suits. If any
change has taken place in the title *pendente lite*, upon proper
facts being shown, new parties may be substituted, as succeed-
ing to the title. But amendments of the declarations neces-
sarily relate to the time the suits were commenced: and no
facts are stated in the petition, showing any necessity for such
amendments. All that can be done, is to allow the actions to
be continued in the name of the successor in interest of the
deceased plaintiff, when it is made to appear who that successor

is. That not having been done, the motion at the special term should have been denied.

The order appealed from must be reversed, with $10 costs to each of the three attorneys for the different defendants.