HARRINGTON and wife *vs.* SLADE and others.

22b  161
81  AD²140

Amendments are now granted with greater liberality than formerly. Under the provisions of the revised statutes and the code, whenever the court can see that justice would be furthered by an amendment of the pleadings and proceedings in an action, it should grant the amendment, if asked for, upon terms just to the opposite party.

It is in all cases proper, however, in order to prevent negligence and laxity in pleading, to require from the party asking the amendment some reasonable excuse for the defect in his pleading, which he seeks to correct.

An order allowing a defendant to put in a supplemental answer, setting up a new defense, which, if established, will be fatal to the plaintiff's action, involves the merits, or at least affects a substantial right, and is therefore appealable.

Where C. purchased mortgaged premises from B. the mortgagor, in 1816, subject to the lien of the mortgage, and expressly agreed to pay the mortgage: *Held* that this agreement was a recognition of the mortgage; and that as twenty years had not elapsed, since such recognition, before the commencement of a suit to foreclose the mortgage, which was in 1832, payment of the mortgage could not be presumed.

And S. having purchased the mortgaged premises *pendente lite,* from two of the

defendants in the foreclosure suit, and claiming under C., *Held* that he was bound by the admissions and acknowledgments made by C. while owner of the premises; that the plaintiff had the right to make him a party to the suit by supplemental bill; and he having been thus made a party, it was *further held* that he was to all intents and purposes a party to the original suit, and had no right to claim that the foreclosure suit was not commenced, as against him, until the filing of the supplemental bill.

The voluntary alienation of property, pending a suit, by a defendant therein, is not permitted to affect the rights of the other parties to the suit.

A *lis pendens* is constructive notice to a purchaser from the defendant, and he, and his interest, will be bound by the decree entered in the suit.

Where the plaintiff makes a purchaser pendente lite a party to the suit, the latter is bound by the previous proceedings in the suit; and he comes before the court in the same plight and condition as the former party, and is bound by his acts, and may be subject to the costs of the proceedings, from the beginning.

THIS was an appeal from an order made by Justice C. L. ALLEN, at a special term, granting leave to the defendant Slade to put in a supplemental, or a new answer, to the bill. The suit was commenced in April, 1832, in the late court of chancery, to foreclose a mortgage given by Jacob Becker, on the 20th of August, 1803, on premises now owned by Slade. Becker and the other owners of the mortgaged premises were made parties to the suit. The defendant Slade purchased the premises, pendente lite, from Jesse Anthony and James Wallis, two of the defendants in that suit, and took a warranty deed thereof, on the 11th of March, 1834. On the 6th of February, 1847, Slade was made a party to the foreclosure suit, by a supplemental bill filed on that day; and on the 5th of June, 1847, he put in an answer to such supplemental bill. In his answer he admitted the filing of the original bill in April, 1832, and set up that John Crary, in February, 1816, became the purchaser of the mortgaged premises from the mortgagor, Jacob Becker, and entered into a written agreement with Becker, to convey the premises to Jeremiah Gifford, and out of the proceeds of the sale to pay off all liens on the premises; that said Crary, on the 1st of March, 1816, conveyed the premises to Jeremiah Gifford, with warranty, and in the deed of conveyance guarantied a perfect title to Gifford; that Jesse Anthony

and James Wallace, on the 19th of March, 1834, who claimed title under Gifford, sold and conveyed the mortgaged premises to him (the defendant Slade.) Slade in his answer denied notice of said mortgage and of the pendency of said suit, when he purchased; and insisted that Crary was bound to pay off said mortgage. In his supplemental answer he set up that he had been informed that since the putting in of his former answer, no payment had been made on said mortgage since 1806; that neither Gifford nor any subsequent owner ever agreed to pay such mortgage; that such mortgage was paid prior to the purchase of the mortgaged premises by him (Slade,) &c.; that Ann McKinney, the widow of the mortgagee, had the lawful control of such mortgage, and assigned the same to Crary in 1819: that Gifford and all claiming under him, including this defendant, since 1816, held said premises as having an absolute title therein; that said mortgage was not a lien on the premises; and that at the delivery of his deed to him, and at the time of his paying the purchase money, he had no notice of the existence of the mortgage.

*C. Stevens,* for the plaintiffs.

*D. Gardner,* for the defendant Slade.

*By the Court,* PAIGE, J. The defendant Slade does not, in his supplemental answer, state that he was ignorant of the new facts set up therein, at the time of the putting in of his original answer, or that, if known to him at that time, they were omitted by mistake or inadvertence; nor does he state any other sufficient reason for the omission. He merely states the new facts upon information received since the putting in of his original answer. This may be strictly true, and yet he may have had full knowledge of such facts when he put in such answer. (1 *Barb. Ch. Pr.* 165, 6. 4 *John.* 375, 6.) Under the old chancery practice, amendments of answers, and leave to put in supplemental answers, were granted with great caution. (4 *John.* 376.) The defendant was not allowed to file a supple-

Harrington *v.* Slade.

mental answer contradicting the statements in the first answer, or to set up as a new defense, usury or the statute of limitations, or any other defense denominated unconscionable; especially when these defenses were not intended to be presented in the original answer. (1 *Barb. Ch.* 167. 4 *Sim.* 61. 3 *Wend.* 573. 6 *Cowen,* 606. 7 *How. Pr. Rep.* 234. 1 *Duer,* 253.) But amendments are now granted with more liberality. Under the provisions of the revised statutes and the code, it is the duty of the court to allow amendments in furtherance of justice, upon such terms as shall be just and proper. (*Code,* § 173. 2 *R. S.* 424, § 1.) Whenever, therefore, the court can now see that justice would be furthered by an amendment of the pleadings and proceedings in an action, it should grant the amendment, if asked for, upon terms just to the opposite party. It is in all cases proper, however, in order to prevent negligence and laxity in pleading, to require from the party asking the amendment some reasonable excuse for the defect in his pleading, which he seeks to correct. The court of appeals have decided that in the exercise of the duty of the court to grant amendments, no discrimination should be made between the defenses sought to be set up by the amendment.

I think that the order appealed from in this case is an appealable order. It clearly involves the merits, or at least affects a substantial right. (*Code,* § 349, *subd.* 3. 10 *How. Pr. Rep.* 253. 4 *id.* 313. 8 *id.* 195. 7 *id.* 297.) A question whether a defendant should be allowed to set up a new defense which, if established, would be fatal to the plaintiff's action, must certainly affect a substantial right—the right of the plaintiff to recover upon the previous answer of the defendant. An order striking out portions of a pleading, if the portion stricken out may affect the rights of the party, has been held to be an appealable order. (4 *How. Pr. Rep.* 313. 8 *id.* 195.) If that is an appealable order, then an order allowing a party to introduce into his pleading new matter which affects the rights of his adversary, must also be appealable.

In this case the defendant Slade asks to be allowed to set up by way of a supplemental answer substantially the defense of

payment of the bond and mortgage in question, founded upon the presumption of payment arising from the lapse of twenty years from the time the right of action accrued on the bond and mortgage.   In his supplemental answer he denies any payment on the bond and mortgage by the mortgagor or any person in possession of the mortgaged premises, since 1806, and alleges that neither Gifford, to whom Crary conveyed in March, 1816, nor any subsequent owner, ever agreed since that time to pay such bond and mortgage.   If John Crary, as is stated in the opposing affidavits, purchased the mortgaged premises from John Becker, the mortgagor, in February, 1816, subject to the lien of the mortgage in question, and then expressly agreed to pay the mortgage, payment of the mortgage cannot be presumed ; as the agreement of Crary was a recognition of the mortgage, and twenty years did not elapse after such recognition before the commencement of this suit ; which, it seems, was in April, 1832.   The defendant Slade, claiming under Crary, is bound by the admissions and acknowledgments made by Crary while owner of the mortgaged premises ; and he has no right to claim that the foreclosure suit was not commenced, as against him, until the filing of the supplemental bill making him a party to the original suit.   He purchased *pendente lite* from two of the defendants in that suit, and being a purchaser subsequent to the commencement of the original suit, the plaintiff had the right to make him a party thereto by supplemental bill.   He is, therefore, to all intents and purposes, a party to the original suit, and the time which has elapsed since that suit was commenced cannot form any part of the time since the recognition of the mortgage by Crary as a valid subsisting mortgage, upon which it is sought to raise a presumption of payment.   If this state of facts should appear on the trial, the defense set up in the supplemental answer, of presumption of payment, arising from the lapse of time, must fail.   The case of *Park* v. *Peck*, (1 *Paige*, 477,) and in those in 7 *Paige*, 465 ; 4 *Cowen*, 587 ; 1 *Hill*, 612 ; 4 *John.* 230 ; 6 *Paige*, 323 ; 1 *Watts*, 154, 525 ; 12 *Barb.* 585, and 10 *Paige*, 170, show

that the defendant Slade is bound by the acknowledgments of Crary.

The voluntary alienation of property pending a suit, by a defendant therein, is not permitted to affect the rights of the other parties to the suit. (2 *John.* 441, 445. 1 *id.* 506. *Mit. Pl.* 73.) A lis pendens is constructive notice to a purchaser from the defendant, and he and his interest will be bound by the decree entered in the suit. The act requiring the filing of notice of lis pendens, in suits for the foreclosure of mortgages, was not passed until 1840, after the commencement of this suit. (1 *John.* 505. 9 *Paige,* 512, 516. *Mit. Pl.* 73. 1 *Paige,* 483. 2 *Barb. Ch.* 151.) The plaintiff in a suit is not bound to make a purchaser pendente lite from the defendant a party to the suit; although he may do so if he deems it essential to the relief to which he may be entitled against such purchaser. (7 *Paige,* 291.) The plaintiff can proceed in the suit without noticing the alienation, and the decree he obtains will bind the purchaser. (5 *John.* 93.) If the plaintiff makes the purchaser a party, the alienee is bound by the previous proceedings in the suit before he was made a party; and he comes before the court in the same plight and condition as the former party, and is bound by his acts, and may be subject to the costs of the proceedings from the beginning of the suit. (*Mit. Pl.* 68, 74. 1 *Atk.* 89. 6 *Mad.* 59. 2 *Bligh, P. C.* 593, *note.* 2 *Atk.* 174.) A supplemental bill is a mere continuation of the original suit by or against a party having or acquiring the interest of a former party; and it forms, together with the original bill and the proceedings under it, but one record. (2 *Barb. Ch. Pr.* 84, 85. *Mit. Pl.* 64.) It is apparent, therefore, from the answer and supplemental answer of the defendant Slade, and the affidavits read in opposition to the motion for leave to put in a supplemental answer, that the defense set up in such supplemental answer cannot be sustained. But inasmuch as the defendant Slade has alleged in his supplemental answer, duly verified, on information and belief, that the mortgage was paid and satisfied prior to March 17, 1834; and that it is not a lien on the mortgaged premises, I am disposed to give him

an opportunity to establish those allegations, if he can do so, on the trial. Although I have no hesitation in saying that the opportunity thus afforded him will be fruitless, if the allegation of payment and that the mortgage is not a lien are mere conclusions of law, deduced by him from the lapse of time since a payment on the mortgage or an acknowledgment of its existence as a valid security by a former owner of the premises.

Under the circumstances, I am inclined to affirm the order of the special term without costs.

Judgment accordingly.

[CLINTON GENERAL TERM, May 6, 1856. *C. L. Allen, James, Rosekrans* and *Paige,* Justices.]