Sheldon *v.* Adams.

it did not operate on the lands which had been previously conveyed by him. As to such lands the case was the same as if he had never owned them.

Nor need we here discuss the question of revocation. As we construe the will, it was the intent of the testator, as in the will expressed, that the devise should operate only on the real estate of which he should die seised.

It seems very plain, however, that if the devise is to be regarded as a devise of the farm — in effect a *specific devise* — then the sale and conveyance was to that extent a revocation of the will. (7 *Paige,* 97. 26 *Barb.* 416. 9 *id.* 35. 16 *id.* 569. 7 *id.* 174. 2 *Bradf.* 413.)

The order and decree of the surrogate must be affirmed, with costs.

[SCHENECTADY GENERAL TERM, January 5, 1864. *Potter, Bockes* and *James,* Justices.]

———————

SHELDON, receiver of the Columbia Insurance Company, *vs.* ADAMS.

THE SAME *vs.* WHITBECK & JONES.

THE SAME *vs.* DANIELS & HITCHENS.

THE SAME *vs.* STARBUCK.

An order of a special term allowing a complaint to be amended by inserting therein an entirely new and different cause of action, which will require a different defense, involves the merits, and affects a substantial right, and is therefore appealable.

In exercising the power of allowing amendments "in furtherance of justice," no discrimination should be made, by the courts, between legal defenses offered to be set up, on account of their character. All defenses recognized by statute as being such—including those styled unconscionable, such as the statute of limitations, usury &c.—stand upon an equal footing in this respect.

A party has a vested right to set up those defenses as well as any other, when they have become perfect.

Sheldon *v.* Adams.

Where promissory notes, given to an insurance company, have been sued upon as premium notes assessed, the complaint will not be allowed to be amended—after the notes have become outlawed, as stock notes—by inserting therein an additional claim and count upon them for the whole amount thereof, as stock notes given before the organization of the company and as constituting a part of its capital; the effect of which amendment would be to cut off the defense of the statute of limitations.

Nor will an amendment be granted by which a note liable to be assessed only for losses in one class of hazards, is permitted to be sued on as a stock note, and made liable for all losses.

An amendment of the complaint, not moved for until after eight years have elapsed since issue joined, nor until after the death of the original plaintiff, and the defendants' attorney, should not be granted, without sufficient excuse being shown. ·

THESE are severally appeals from orders made at special term, substituting Frederick A. Sands, receiver, as plaintiff, and with liberty to the plaintiff to amend the summons and complaint respectively, by inserting therein in respect to the notes which had been severally sued upon as premium notes assessed, an additional and further cause of action or count and claim upon the same notes for the whole amount of said notes as stock notes, given before the organization of the company, and as notes constituting a part of the capital of the company. The other facts in the case will sufficiently appear in the opinion.

*G. M. Harwood,* for the appellants, defendants.

*H. R. Mygatt,* for the plaintiff, respondent.

*By the Court,* POTTER, J. The first question that arises is, whether the order of the special term is appealable. The actions were commenced in the spring of 1854. The complaints were verified by the then plaintiff. The notes are set forth in the complaint as notes made *subsequent* to the organization of the company as premium notes given for policies of. insurance, to be issued thereon. The notes are such in form, that is, premium notes. Sheldon, the receiver, as such, under the direction, sanction and authority of the su-

preme court, settled and determined the amount of losses of the company, and the proportions to be assessed upon the said notes against the defendants for their proportions of losses and liabilities against the defendants as members of the said company by reason of the notes ; and he alleges that he did assess the notes the sums and proportions against the defendants that are therein sued for, and gave them due legal notice thereof, and then sets forth that the risks and business of the company were divided into two departments, "The Farmers' Department," and "The Merchants' Department ;" that the risks taken in each of these departments were by the charter of the company, to be liable in no other department, and then alleges particularly in which of said departments the notes were severally made. The notes are dated in 1851. The actions have never been brought to trial. Now, in September, 1862, more than eleven years after the date of the notes, an order is granted, authorizing the plaintiff to insert in his complaint, an entirely different cause of action, and presenting entirely different questions for litigation. The power to do this is claimed under the 173d section of the code, "*for the furtherance of justice*," and it is now claimed that when this has been adjudged by a court, it is but the exercise of a discretion, and cannot, and will not be reviewed. The right of appeal exists in all cases from an order of a special term, or a judge, "when it involves the merits of the action, or some part thereof, or affects a substantial right. (*Code* § 349, *sub.* 3.) To say that an entirely new and different cause of action, inserted in a complaint eight years after issue joined, requiring a different defense, does not affect a substantial right, or involve the merits, cannot be allowed ; both reason and authority are against this idea. An appeal lies from such an order. (*St. John* v. *Croel,* 10 *How. Pr. Rep.* 253. *Harrington* v. *Slade*, 22 *Barb.* 161.) The amendment, in its nature, is based upon the doubt whether the plaintiff can recover upon his complaint as it is, or, can recover but a part of the amount. He now desires (and the amendment is to

Sheldon *v.* Adams.

allow him to carry out that desire) to recover either a larger sum, or for a different cause of action. This, clearly, affects a substantial right. The merits of the motion must then stand upon its being granted "*in furtherance of justice.*" If it cannot stand upon this ground, it should be reversed. Let us see how it looks in this view. It is now the settled doctrine of the court of appeals, that in allowing amendments, no discrimination should be made, in the exercise of that power, between legal defenses offered to be set up, on account of their character; that is, whether they are such as have sometimes been called unconscionable; as the statute of limitations, usury, &c. or otherwise; that is to say, all defenses recognized by statute to be such, are in this regard to stand equal, and that it is not the duty of courts to make discrimination against the spirit of a statute. In other words, that a party has a vested right to set up these defenses as well as any other, when they have become perfect; and the statute of limitations has been approvingly called by distinguished jurists "the statute of repose." (8 *Cowen,* 615. 22 *Barb.* 164, 5.) The notes in question, if they were original stock notes, made for the organization of the company, as they bear date in 1851, had become outlawed as such, and no action could be maintained upon them if the defense of the statute of limitations should be interposed. By the effect of this order, these outlawed notes are put into a complaint in an action brought in 1853, and as if sued on then, and thus cut off the defense of the statute of limitations; and this is claimed to be "*in furtherance of justice.*" They had been so outlawed four years when the order appealed from was granted. (*Bell* v. *Yates,* 33 *Barb.* 629. *Howland* v. *Edmonds, Id.* 433, *reversed in the court of appeals.*) By this order, these notes put to their repose by statute, and to which if sued upon directly, the defendants could interpose a perfect legal statutory defense, are, by the exercise of this power at special term revived against the defendants, without the promise or acknowledgment by the defendants in writing, as required by section 110

of the code; and is in effect to give the plaintiff the right to commence this action by *an order*, without commencing it by summons and complaint, as is required by section 127 of the code. Not *only* that; but a note which by the company's charter, and which by the defendant's policy, it is made a condition in his contract, that it shall only be assessed for losses in one class of hazards, is permitted to be sued on as a stock note and made liable for all losses. These are extraordinary favors, certainly, to be conferred upon a plaintiff who has now awakened after an eight years' slumber upon his case; and it is in effect, by indirection, extending the provision of the statute of limitations, from six to ten years, against the vested rights of the defendants. This is too great an exercise of power to be accomplished by one order; yet we see that all this it is claimed now, was done "in furtherance of justice," and therefore not to be reviewed. We do not see it in that light, and it is not probable that the point was presented to the learned justice at special term. But without reference to the absolute *injustice* to the defendants, which would result from the order appealed from if permitted to stand, the papers used upon the motion show a decided preponderance of weight, I think, against the granting of the motion upon the facts. Sheldon, the receiver, who lived at the place of location of this company—the place where its officers resided—where its office of business was kept; who was appointed receiver two years after the organization of the company, and who must be presumed from his examination of the books, vouchers and notes of the company, made in order to the proper assessment upon premium notes, and which assessment he did make while in the possession of all such advantages, himself verified the complaint in April, 1854, which states the notes to be premium notes, made to be liable in only one of its departments, and made *after* the organization of the company. Against this quite full and satisfactory evidence, we have only the statement of the present attorney of the present receiver, who resides at Oxford

Sheldon *v.* Adams.

Chenango county, made in July, 1862, more than eight years thereafter, who states that he has investigated the affairs of said company, and endeavored to ascertain whether said notes were "capital stock or premium notes, *and that this deponent cannot determine and does not know whether the said notes are capital stock or premium notes.*" Indeed, there is no ground of merit at all, or a reason for the order, even had it been moved for in twenty days after issue joined. This is not improved by waiting eight years, and until after the death of the first plaintiff, and of the defendants' attorney. Such laches should be discountenanced. The excuse offered is not sufficient at any time. We do not intend to reason against the propriety of having two counts in a complaint upon the same instrument, which may even appear to be inconsistent with each other, if necessary to attain justice, or to meet a possible or contingent variance in the proof on the trial. *Birdseye* v. *Smith,* (32 *Barb.* 217,) is not in conflict with our views, but we mean to say, if after issue joined, the party desires a favor by way of amendment, he must show a strong reason; and if he desires to thus get before the court *indirectly* a cause of action that he could not recover upon directly, the courts should refuse his application.

The order in each of the cases appealed from, except so much as substitutes Frederick A. Sands as plaintiff, should be reversed, with ten dollars costs, and disbursements in each, and with ten dollars costs in each for opposing the motion at special term.

[CLINTON GENERAL TERM, May, 5, 1863. *Potter, Bockes* and *James*, Justices.]