Prindle, County Judge.
The main question in this case is, whether a defendant can interpose a plea of title in a justice’s court at any time except at the joining of issue. The Revised Statutes expressly limited the right to interpose such plea to the joining of issue, and the only question now is whether the provisions of the Code have changed the rule. The provisions of the Code applicable to such 'cases are substituted in the place of the Revised Statutes, and expressly repeal the several sections of the Revised Statutes from section 59 to 66 (Code, § 52).
The provisions of the Code are substantially the same as those of the Revised Statutes, except the provision limiting the right to interpose the plea of title to the time of joining issue, which is not retained in the Code. The fact that this provision was left out of the Code, is a strong argument to show that it was not the intention of the legislature to limit the interposition of the plea by the defendant to the time of joining issue, but to leave it, like other matters of defense, to be the subject of amendment, when, by such amendment, substantial justice will be promoted. I am not aware of any decision upon the question, or of any allusion to the subject, except by Tract in Cowen's Treatise, 4 ed., 488, § 1193, and 2 Waits Law & Practice, 245. The editor of Cowen's Treatise, above cited, is of the opinion that the plea of title may be interposed by the defendant after the joining of issue, by an amended answer, when substantial justice would be thereby promoted. Wait, in discussing *60 the question, is decidedly of the opinion that inasmuch as the defense, when interposed, is intended to deprive the court of jurisdiction, that it must "be promptly interposed, and at the first opportunity, and if the plea of title is not interposed at the joining of issue, that it cannot "be done at any subsequent stage of the action. I should be inclined to follow this reasoning, were it not for the fact that a clause restricting the right to interpose such plea to the joining of issue, existed before the adoption of the Code, which was stricken out in the amendment, showing an intention to leave the right to interpose such plea entirely unrestricted, so far as the time it shall be done is concerned. I am of the opinion that the legislature intended by the amendment to place this question upon the same footing as any other defense, to be interposed at the joining of issue, or any time before trial, when substantial justice would be thereby promoted.
Subdivision 11 of section 64 of the Code is very broad and comprehensive in regard to the amendment of the pleadings in justices’ courts, and has received a liberal construction from the courts. It provides that the pleadings may be amended at any time before trial, or during the trial, or upon appeal, when, by such amendment, substantial justice would be promoted. I do not see anything in the language of the Code regulating the plea of title in justices’ courts, that should take it out of the operation of this section. The Code provides that the defendant may, in his answer, set forth either with or without other matter of defense, any matter showing that the title to land will come in question, and at the time of answering shall deliver to the justice a written undertaking, &c., and if the undertaking be not delivered to the justice he shall have jurisdiction of the cause and shall proceed therein; and the defendant shall be precluded in his defense from drawing the title in question. At the time of answering, the defendant is to deliver the undertaking, &c. This clearly has reference to the time the plea of title shall be interposed, and it does not follow that it can only be done at the joining of issue. Section *61 58 of the Code provides that if the undertaking be not delivered the defendant shall be precluded in his defense from drawing the title in question. The same reasoning will apply to this section; it simply precludes the defendant from drawing the title in question, having neglected to give the necessary undertaking, but has no reference to the time the plea of title shall be interposed. Cases might arise where important interests were involved, and great injustice might be done if a defendant were not allowed to amend an answer after the joining of issue by setting up a plea of title. A defendant might not understand or fully comprehend the fact that, in order to protect his rights, it was necessary to interpose a plea of title at the joining of issue. Would it be within the spirit or intention of the Code in such a case to hold that he was restricted in the exercise of that right to the joining of issue, when that restriction was intentionally left out of the Code ? I cannot believe such to have been the intention of the legislature. Amendments to pleadings should be liberally allowed, when, by such amendments, the ends of justice will be promoted. The Code has made a radical change in this respect. Under the old system of pleading, the defendant was not permitted to amend his answer by setting up the statute of limitations, usury, &c. But the recent cases do not make any discrimination as to the nature of the defense, if it is a legal bar to the action. And when the amendment is allowed for the furtherance of justice, the party amending may interpose the statute of limitations, or usury, or illegality, as well any other defense (Selden v. Adams, 41 Barb., 54 ; Bank of Kinderhook v. Gifford, 40 Id., 659).
The plaintiff’s counsel insists that the amended answer of the defendant did not show that the title to land would come in question. The amendment alleged that the line fence mentioned in the plaintiff’s complaint was not built upon the true line between plaintiff and defendant, but was built upon the land owned by defendant, and the defendant was not liable to contribute towards *62 the erection of the same. If the allegation in the answer was true, that instead of building the fence on the line, the defendant built it upon the land of the defendant, I can readily see how the title to land might come in question on the trial. The plaintiff would undoubtedly insist that he built the fence on the line, and the title in such case would be in question. I am of the opinion that the defendant alleged in his amended answer sufficient facts to show that the title to land would come in question. If the title to land did not come in question upon the trial in the supreme court, the defendant would be compelled to pay costs, even if he had succeeded on the trial, and he took this risk when he interposed the plea of title in justice’s court.
In regard to the questions put to the plaintiff on his cross-examination, for the purpose of discrediting his testimony, I think it was a matter of discretion with the justice to allow the questions to be put and answered. In the case of Great Western Turnpike Company v. Loomis (32 N. Y., 127), the, court held that on questions of this nature the decision of the original tribunal is not subject to review, unless in case of manifest abuse or injustice.' I do not think it was such an abuse of discretion on the part of the justice in this case as would authorize a reversal of the judgment.
I think the amendment to the defendant’s answer, interposing a plea of title, was properly allowed.
The judgment of the justice is therefore affirmed, with costs.