CASE No. 964.

MOON v. JOHNSON.

1. In an action to recover the possession of real estate, an order refusing plaintiff leave to file a supplemental complaint, setting up a title deed to the land in question, is appealable.

2. Plaintiff can recover only upon the cause of action existing when suit was commenced; and therefore in an action for the recovery of real property, he cannot, by supplemental complaint, set up a legal title acquired after suit brought. *Bank* v. *Manufacturing Company,* 3 *Strob.* 190, recognized and followed.

Before THOMSON, J., Greenville, April, 1880.

The case is sufficiently stated in the opinion.

*Messrs. Garlington & Moore,* for appellant.

*Messrs. Earle, Wells & Westmoreland,* contra.

January 10th, 1881. The opinion of the court was delivered by

SIMPSON, C. J. This was an action by appellant to recover possession of real estate. The title deed set up by the appellant was a deed from the Probate judge in partition. After the cause was on the calendar the decision in *Davenport* v. *Caldwell,* 10 *S. C.* 317, was announced. The appellant then commenced proceedings in the Court of Common Pleas to confirm the partition of the Probate Court. Under these proceedings this partition was confirmed, and by order of the court the master executed titles to the appellant of the land in question. The respondent was not a party to the confirmation proceedings.

The appellant then made a motion to the Circuit Court for leave to file a supplemental complaint so as to set up the deed of the master.

This motion was refused by the Circuit judge "on the ground

that a cause of action, under a different deed, is set out in the alleged complaint, and the same relief sought as in the first complaint."

The appellant appealed on the grounds:

1. Because the plaintiff was entitled to a supplemental complaint as a matter of course.

2. Because the code allows the plaintiff to file a supplemental complaint, alleging facts material to his case occurring after the former complaint, and of which he was ignorant at the time.

3. Because, under the code, the plaintiff is entitled to file a supplemental complaint to set up a judgment or decree of a court of competent jurisdiction rendered since the commencement of the action.

The leave of the court is necessary, in all cases, to file a supplemental complaint, and although this leave will be generally granted, yet it is by no means a matter of course order to which a party is entitled whenever he may choose to apply for it. On the contrary, the motion must be made in due time, in good faith, and upon facts warranting the favorable action of the court, and, when thus made, it rests in the discretion of the court whether it shall be refused or granted, and even after granted it may be withdrawn when proper. *Whitaker's Pr.* 213.

In this case the motion was refused. The respondent makes the point that an order granting or denying a supplemental complaint is within the discretion of the court, and therefore not appealable.

This is the first question involved, and we find it at the threshhold of the case. Under the code, Section 11, any intermediate judgment, order or decree, involving the merits of the action, is the subject of appeal. Does this order involve the merits of the action? The action is one to recover the possession of real estate. In the judgment of the appellant his recovery depends upon setting up the deed which he desires to bring before the court by means of the supplemental complaint. The order of the judge has denied him this privilege. This order, then, strikes at the very foundation of the appellant's action, and clearly involves its merits. *Whitaker's Pr., vol. II., p.* 216, § 193.

Mr. Whitaker says, "An order granting or refusing leave to

plead supplementarily, involves the merits and is appealable."
*Harrington* v. *Slade*, 22 *Barb.* 161; *St. John et al.* v. *Croel*, 10
*How. Pr.* 253; *Brown et al.* v. *Irish Presbyterian Congregation*,
6 *Bosw.* 259.

In the case of *Edwards* v. *Edwards*, *ante p.* 11, in this state,
though the question was not directly involved, yet this court re-
viewed the order of the court below, allowing a supplemental com-
plaint.

In our judgment the order in this case is appealable.

In the second and third grounds of appeal the appellant states
correctly the facts and circumstances under which a party is
generally entitled to a supplemental complaint; but we do not
see that the Circuit judge, in refusing the appellant's motion, has
violated any legal right of the appellant as claimed in these
grounds. While in a supplemental complaint a party may
allege facts material to his case, and of which he was ignorant
at the commencement of his action, as stated in the second ground
of appeal, and while, under certain circumstances, he may set up
a judgment or decree of a competent jurisdiction, rendered since,
as stated in the third ground, yet it is a well-settled rule of
pleading that the matter of a supplemental complaint must be
consistent with and in aid of the case made by the original
pleadings, and that it cannot make a new and different case.
*Wait's Pr.* 476. Nor can a suit, orginally defective, be sustained
or cured by means of a supplemental pleading. *Whitaker, vol.
II., p.* 214; *McCullough* v. *Colby*, 4 *Bosw.* 603. In the case of
McCullough *v.* Colby, the very point arose, and the court said
"that facts accruing after suit brought cannot be inserted under
any circumstances in the original complaint by way of amend-
ment, nor by supplemental complaint when the original com-
plaint failed to state a cause of action."

" No party," says the court, " can recover in an action which
was commenced when the cause of action had not accrued." So,
too, in the case of *Bank of State of South Carolina* v. *S. C. Manu-
facturing Co.*, 3 *Strob.* 190, which was an action, like this, to
.try titles, the court held that in an action to try titles, as well as
in all other actions, the question always is, did the plaintiff have
a cause of action when the suit was commenced? In this case
the plaintiff had purchased land at sheriff's sale, and commenced

his action before he obtained the deed of the sheriff, but he received the deed after the commencement of the action. Upon these facts being developed, he was non-suited, and the non-suit was sustained in the Appeal Court, that court deciding that whatever may have been the equity of the plaintiff, the title to the land was inchoate—it was executory—and that the legal estate could never pass until the deed was executed and delivered. Such a defect, it is well settled, cannot be cured by supplemental complaint. The case before the court is very similar to the one of Bank *v.* Manufacturing Company.

At the commencement of the action it is admitted that the appellant had no legal title to the land. He claims to have obtained title since, and while his original action was still pending; and he seeks, by supplemental complaint, to set up this title in his original suit, and to recover upon that. According to the above authorities, this is a fruitless effort. He must stand or fall on the cause of action as it existed when he began his suit. His difficulty, therefore, is beyond the reach of a supplemental complaint.

The order of the court below is affirmed.

McIVER and McGOWAN, A. J.'s, concurred.