THE MANHATTAN SAVINGS INSTITUTION, RESPONDENT, *v.* THE TOWN OF EAST CHESTER, APPELLANT.

*Loss of negotiable town bonds — the town may oe compelled to pay the amount due, upon receiving a proper bond of indemnity.*

Upon the trial of this action it appeared that the plaintiff had purchased certain bonds, payable to bearer, duly issued by the defendant, the town of East Chester, through commissioners appointed and acting under an act of the legislature; that from the time at which the purchase was made the bonds remained in the posession of the plaintiff down to the 27th day of October, 1878, on which day the vaults of the banking house of the plaintiff were burglariously entered and the said bonds, with the coupons attached, were stolen therefrom, without the consent, knowledge or permission of the plaintiff, or any of its officers or clerks; that the plaintiff had not sold or assigned the said bonds, but still remained the absolute owner thereof; that the interest coupons attached to said bonds falling due on or before July 1, 1878, had been paid by the defendant, but that none of the interest falling due since that time had been paid, nor had the principal of five of the bonds which became due on July 1. 1883, been paid; that sufficient funds had been raised by taxation to pay the said bonds and coupons. and that the same was now in the hands of the supervisor, who had refused to pay the past due bonds and interest to the plaintiff, although the latter was ready and had offered to furnish said town a satisfactory bond of indemnity upon receiving the said amount.

*Held,* that a judgment directing the defendant to pay to the plaintiff the amount due upon the said bonds so held by it within ten days after the service upon its attorney of a bond of indemnity executed by the plaintiff, with sufficient

sureties, in a penal sum therein stated, and that, upon its appearing that such a bond had been served, and that no part of the money directed to be paid had been paid, the plaintiff should have judgment absolute against the defendant, should be affirmed.

That it was not proper to include in the amount of such judgment the principal of certain of the bonds which did not fall due until after the action had been commenced.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

The complaint, after setting forth that the plaintiff is a domestic corporation created under the laws of this State, and that the defendant is a town of this State situated in the county of Westchester, alleges that by an act of the legislature entitled " An act to authorize the towns of Yonkers and East Chester in the county of Westchester to make, extend and improve the several highways in said towns, passed April 22, 1869, as amended by a certain other act passed April 22, 1870. " George W. McLean and six other persons were appointed commissioners with power to lay out and widen, make and grade the roads in the towns of East Chester and Yonkers in said act described and to perform the several acts and duties in said act prescribed. That said commissioners were required before entering upon their duties to take and subscribe an oath to faithfully and impartially exercise the duties of said office until the said road should be completed and delivered, and it was further therein and thereby directed and enacted that such sums of money as might be necessary to carry out said improvements should be raised by the issue of the bonds of the said several towns upon the requisition of the commissioners by the supervisor and town clerk of said towns, and should be signed by them and countersigned by such one of said commissioners as should be by said commissioners designated for that purpose. That such bonds should bear an interest of seven per cent, payable semi-annually and should be drawn so as to become due in sums not less than $3,000 in any one year, and that they should be in sums not less than $500, and registered in the office of the clerk of the town by which they should be issued, and that said commissioners should receive said bonds and convert them into money at not less than the par value thereof; and it was further provided that it should be the duty of the board of supervisors of the county of Westchester to levy and

assess upon the taxable property in the respective towns in which said road should be laid out a sum or sums sufficient to pay the principal and interest of the bonds as the same should become due.

It is further averred that the commissioners, having taken and subscribed the oath required by the act, entered upon and continued in the performance of their duties, and that pursuant to a requisition duly made by the said commissioners, the defendant, the town of East Chester, on or about the 15th day of April, 1871, made its fifty several bonds bearing date on said day, and numbered from twenty-seven to seventy-six inclusive, in and by each of which bonds it acknowledged that it was indebted to the plaintiff, or bearer in the sum of $1,000, payable at the office of the United States Trust Company, in the city of New York, with interest at the rate of seven per cent, payable semi-annually, and that in and by each bond the defendant declared that it was issued pursuant to the provisions of the acts of the legislature hereinbefore mentioned; that each of said bonds was signed by William P. Esterbrook, then supervisor, and R. W. Foster, then clerk of said town, and was countersigned by Edward De Witt, a commissioner designated for that purpose by the said commissioners. After alleging that to each of said bonds, coupons were annexed duly signed, etc., it is further averred that each of said bonds was registered in the office of the clerk of the town of East Chester and that said bonds so signed and countersigned and registered were issued and delivered to said commissioners, by whom they were, on or about the 2d day of May, 1871, sold and delivered to this plaintiff, and that this plaintiff paid to said commissioners therefor, the sum of $50,155.56, being the par value thereof, including the interest which had accrued thereon from the 15th day of April, 1871, the date of said bonds to the 2d of May, 1871, the date of said purchase.

It is further averred that after the purchase of said bonds and delivery of the same to the plaintiff, and from the time of said purchase and delivery the plaintiff continued in possession of the same down to the 27th of October, 1878, on which day the vaults of the banking house of plaintiff were burglariously entered, and the said bonds, with the coupons attached, stolen therefrom without the consent, knowledge or permission of the plaintiff or any of its officers or clerks. That the plaintiff has not sold or assigned the said bonds

or coupons, but still remains the absolute owner thereof.    That the interest coupons attached to said bonds falling due on or before the 1st of July, 1878, had been paid by the defendant, but that none of the interest upon said bonds falling due since that time has been paid.    That on the 1st day of July, 1883, five of said bonds, namely, Nos. 27 to 31, both inclusive, became due and payable, but the same have not been paid.    That the supervisors of the county of West-chester have, from time to time, since the said bonds were issued, levied and assessed upon the taxable property, of the defendant, sums of money sufficient to pay the said past due bonds and interest, and that such sums are now in the hands of the supervisor of the town ready to be applied to the payment of said bonds and interest.

It is further averred that on the 2d of July, 1883, plaintiff caused a notice to be served upon the supervisor of said town, whereby he was notified that said bonds had been stolen on the 27th day of October, 1878, and had not been recovered by the plain·tiff; that the plaintiff was advised that the said town is bound upon being indemnified to pay the said past due bonds and interest; that the plaintiff was ready and offered to furnish said town a satisfactory bond of indemnity upon receiving payment of said bonds and interest, and asking the said supervisor whether he was ready to pay the same upon receiving such bond, and that the said supervisor replied that he could not pay the said bonds or interest, unless the bonds themselves and the interest coupons past due were delivered up to him.    Judgment was therefore demanded for the full amount of said bonds Nos. 27 to 37 inclusive, which fell due July 1, 1883, with interest from July 1, 1878, and also the interest on said bonds Nos. 32 to 76, both inclusive, amounting to $45,000, from the said 1st day of July, 1878, upon the execution and delivery of the bond of indemnity.

The defendant in its answer states that it has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in the complaint relating to the plaintiff's being a corporation, to the acts of the legislature, and to the burglary committed at the plaintiff's bank.    It admits that it is one of the towns of the State, and further " that the bonds of the town of East Chester, which are numbered, and of the dates and amounts set forth in the fourth subdivision of the complaint, with coupons attached

thereto as stated in said complaint, were made, signed and counter-signed as therein mentioned, and purported to have been issued in accordance with the terms of said acts of the legislature, but it avers that the defendant has not knowledge or information suffi-cient to form a belief whether or not the said commissioners therein named took the oath of office, or performed the duties required by said act, or whether said bonds were issued in accordance with the terms thereof." It also avers that it has no knowledge whether said bonds, etc., were issued and delivered to the said commissioners, and by them sold to the plaintiff for the sum mentioned in the complaint, or for any sum whatever.

The allegations of the complaint relating to the payment of the interest upon the bonds up to the 1st of July, 1878, as to the num-ber of the bonds which became due on the 1st of July, 1883, and as to the amount levied and assessed upon the taxable property of the defendant by the supervisors of the county of Westchester, and as to the notice alleged to have been served by the plaintiff upon the supervisor of said town, are all admitted.

Upon the trial of the action the court at Special Term rendered judgment in favor of the plaintiff, directing the defendant to pay the sum of $39,675 within ten days after the service upon its attorney of a bond of the plaintiff, with sufficient surety in the penal sum of $80,000, and upon its appearing that such bond had been served, and that no part of the money directed to be paid had been paid by the defendant, it was ordered that the plaintiff have judgment absolute against the defendant for the aforesaid sum. From that judgment an appeal has been taken to the General Term of this court.

*Charles C. Bigelow* and *Jacob F. Miller*, for appellant.

*Augustus S. Hutchins*, for the respondent.

LAWRENCE, J.:

While it is true that where towns are authorized to issue bonds under special statute, to pay the expenses of improvements, the holders of the bonds must show that the requirements of the law have been complied with, we think in this case that the plaintiff made a *prima facie* case, and as the defendant offered no evidence to show that the statute had not been complied with, we do not

think that the first and second points argued by the appellant's counsel can be sustained. (See *Cagwin* v. *The Town of Hancock*, 84 N. Y., 532, and other cases cited as to the liabilities of towns).

The plaintiff proved the taking of the oath by the commissioners and by McLean, one of the commissioners, that they entered upon the discharge of the duties prescribed by the act, and that the Midland avenue road was one of the roads and boulevards built by them, and that bonds were issued by the town on requisitions from the commissioners for the improvement of that avenue, and that all the commissioners acted. As has been stated, the defendant in its answer admits that the bonds set forth in the complaint were made, signed and countersigned, as therein mentioned. It seems to us that this admission, taken in connection with the proof offered by the plaintiff at the trial, in the absence of anything tending to throw suspicion upon the fairness and honesty of the transaction, makes out a *prima facie* case that the bonds were duly and properly issued. The criticism which is made by the appellant's counsel, that the proof shows that the work was not wholly completed when the commission was legislated out of the office, we do not regard as sound, because section nineteen of the act of 1869 seems to contemplate that the bonds shall be issued from time to time as the work progresses and that the commissioners were not obliged to wait until the entire completion of the work before they could draw a requisition for the issuing of a bond by the supervisor and town clerk. McLean's testimony establishes that those bonds were for that work, and, as has been said before, in the absence of any evidence to show bad faith, we must assume, with McLean's evidence before us, that the commissioners acted in good faith, and that the bonds were issued for work which had already been done, or which was being done in accordance with a contract properly entered into by the commissioners. The evidence establishes beyond all question that the plaintiff fairly purchased the bonds referred to and paid the par value therefor, and all the interest which had accrued thereon between the date of the bonds and the sale of them to the plaintiff. We do not understand that it is beyond the power of a court of equity to give relief in cases of this character upon a proper bond of indemnity being furnished. The bonds in question being payable to bearer were negotiable, and independently of any statute courts

ot equity, upon the loss of such securities, upon a proper bond ot indemnity being tendered to the debtor, decree relief to the holder of such securities.    (See 1 Story's Eq. Jur., §§ 82, 86, and cases cited; see, also, *The People ex rel. The Manhattan Savings Institution* v. *Otis*, 24 Hun., 524, and cases cited by GILBERT, J.)

The decision in that case, which was subsequently affirmed by the Court of Appeals (90 N. Y., p. 48), is not adverse to the plaintiff's position here.    There an act of the legislature was passed for the relief of the plaintiff, which, after providing that the city of Yonkers could issue duplicate bonds, went on to provide that the city, after the delivery to the bank of the duplicate bonds therein provided for, should be discharged from all liability on the original bonds to all persons purchasing the same after due publication of the notice prescribed by the act, and gave a right of action against the bank upon the bond of indemnity to the lawful owner of such bonds, in place of the liability of the original obligor.    (See Laws 1880, chap. 59, § 2).    The court held that that provision was unconstitutional, as the effect was to destroy the negotiable quality of the bonds, and to impair the obligation of contracts, and also because it deprived a person of property without due process of law.    The case is not an authority for the position that the remedy of the plaintiff is by application to the legislature.    (See opinion of GILBERT, J., 24 Hun, pp. 522 and 523).

We see no reason why a town cannot be as fully protected by a bond of indemity as an individual, nor any reason why, if a proper case is made out, a court of equity should not exercise the power herein before referred to.    (See 1 R. S. [7th ed.], p. 840, §§ 1, 2, 3 and 8.)

We do not regard the case of *Lorillard* v. *The Town of Monroe*, (11 N. Y., 392,) as promulgating any doctrine adverse to the views above expressed.    It is claimed by the appellant's counsel that the court would be, in effect, making a new contract for the town of East Chester if the judgment below is sustained.    We do not accede to this proposition.    The contract was made at the time the bonds were issued in conformity with the statute, and when the plaintiff paid its money to the commissioners for the benefit of the town.    The object of this action is to enforce the liability thus incurred on the part of the town, and at the same time to protect

the town by the same safeguards as would be provided in the case of an individual.

There is one point, however, made by the appellant, which we think must be sustained. The action was brought to recover the sum of $5,000, the amount of the principal of five bonds numbered from 27 to 31, inclusive, which became due and payable on the 1st of July, 1883, with interest thereon, and also the interest upon the remaining forty-five bonds from the 1st day of July, 1878. The action was commenced on or about the 13th of July, 1883, and the court awarded judgment not only for the principal of the bonds which were due on that day, but also for the principal of five other bonds which fell due on the 1st day of July, 1885. The complaint was not amended, and it will thus be seen that the plaintiff was allowed to recover upon a cause of action other than that stated in the complaint. We do not understand the cases cited by the respondent as obviating this difficulty. Those cases were cases in which it was held that if a fact had been assumed on the trial it might be assumed at all future stages of the action, and that for the purpose of upholding the judgment proof could be given on the argument of the appeal; and that the court may treat the pleadings as having been amended in conformity with the proofs, in any respect, in which the court ought clearly to allow an amendment at Special Term. This case does not fall, it seems to us, within that class of cases. It was not assumed at the trial that this action was brought to recover any other principal sum than the $5,000 due upon the bonds which became due before the commencement of the action, and there is nothing in the admission made at folio 54 of the case, upon which the plaintiff relies, which indicates that either party supposed that the principal sum of the five bonds which became due in 1885 could be a subject of recovery.

It was agreed by the counsel on the trial, "that the numbers and description of the bonds and time of payment of principle and interest as stated in the complaint be considered as the bonds that were stolen." There was no agreement to amend the complnint, to the effect that the plaintiff might claim to recover the sum of $5,000, for the five bonds which became due about two years after the action was commenced. (See *Barnes* v. *Quigley*, 59 N. Y.,

265 ; *Reeder* v. *Sayre,* 70 id., 180, 190 ; *Robertson* v. *Robertson,* 9 Daly, 44, 57 ; *Sheldon* v. *Adams,* 18 Abb. Pr. 405.)

The judgment below must, therefore, be reduced by deducting from the amount thereof the principal sum of the five bonds which fell due on the 1st of July, 1885.

The amount of the bond of indemnity must also be proportionately reduced, and with such modification the judgment will be affirmed, with costs.

VAN BRUNT, P. J., and BARTLETT, J., concurred.

Judgment modified as directed in opinion and affirmed as modified, with costs.