First, as to the existence of an unsatisfied mortgage on the property. Without stopping to cite the authorities in this state there is no room for doubt that the law of this state is settled that the legal maxim caveat emptor applies to the sales of property by the sheriff. It was the duty of the purchaser to examine the public records before he undertook to bid in the property and satisfy himself as to whether any lien existed. Not having done so he can not-object to take the title after he has bid it in at judicial sale. The rule will not permit one to enter into competition for the purchase of property at judicial sale with those who may have been more careful than himself in their examination of the title to the property and then after it is sold object to taking the title because on account of his own want of care and prudence certain defects ■exist in the title, or liens or incumbrances exist upon the property of which he was not aware. Such a course is only encouraging carelessness and would result in an increased cost by reason of further advertisement and sale of property. The rule which requires a purchaser at judicial sale to take notice at his peril of such matters is founded in reason and is in the interest of the speedy and economical administration of justice. The sale can not therefore be set aside because of the existence of the mortgage. Indeed I do not understand that counsel for the movants seriously claim that this would constitute any ground for setting aside the sale.
But it is claimed that the sale in this case was void and would not operate to pass the title of the execution debtor; first, by reason of the fact that the journal entry recites that James A. Allen appeared as attorney on behalf of the plaintiff .and that he confessed judgment as attorney for the defendants. Second, that the style of the case is W. D. Brickell v. Charles E. Miles and others, while the public notice of sale states that it is to be made in an action in which W. D. Brickell is plaintiff and C. E. Millers et al, is defendant, and that there *155 is no such case on the records of this court. Third, that the publication of notice in the Daily Reporter as provided by-statute designates the case, No. 16,149, while the real number of the case is 43,834.
Counsel says in his brief that while it may be true that the rule caveat emptor applies to a purchaser at judicial sale that the sale must operate to convey to the purchaser whatever interest the execution debtor possessed; and it is said that the irregularities complained of in this case operate to prevent the passage of the execution debtor’s title to the purchaser.
Counsel cites authority in support of the proposition that a sale will be set aside on behalf of the purchaser if the sale is ineffective to pass to the purchaser the title of the execution debtor, and that seems to be a sound principle of law. But counsel assumes without the citation of authority that the other element essential to the soundness of his argument is true, that is, that these irregularities do render the sale void and do operate to prevent the passing of the title of the execution debtor to the purchaser.
First, as to the claim that the fact that the journal entry recites the fact that James A. Allen appeared as attorney for both plaintiff and defendants and confessed judgment in favor of the plaintiff renders the sale void. This does not render the judgment or sale thereunder void. In the absence of any proof to the contrary, it will be presumed that such action was authorized. The Supreme Court of this state has decided this question in the case of Sipes v. Whitney et al, 30 Ohio State, 69. A portion of the third branch of the syllabus is:
“If, however, an attorney authorized by the warrant of attorney executed by the defendant does appear and confess judgment against him, and at the same time as plaintiff’s attorney files a declaration on which such judgment is confessed, the remedy of the defendant for such irregularity, if it be one, under said statute must be sought in the court where the judgment is rendered.”
Reading from the opinion on page 76:
“It is said the judgments are void because the records show that the same attorneys appeared for the plaintiff and defendants. It is true as a general rule that an attorney can not ac *156 cept employment conflicting with the interest of his client. * * * Bnt this does not prevent an attorney from acting as umpire by consent of the opposing party. It is likewise competent for two principals with separate and independent interest for the purpose of convenience to unite and appoint a common agent. If this is done knowingly with the intention that the agent shall represent each, he is authorized, in the absence Of specific instructions, and when there is no opportunity of resorting to his principals for advice to adjust the relations of the two. (Citing authorities).
J. T. Holmes, for plaintiff.
J. C. Nicholson, on behalf of Eisle, defendant.
“For aught that appears or is alleged, these attorneys acted also for plaintiff in filing the declaration with the knowledge and consent of the defendants. But if this were not so, continues the court, their action would only be void at the election of the party injured. It is an act that may be ratified. That election can only be made in the court where the judgment was rendered.”
There is nothing here to show that the act of the attorney representing both parties was not authorized, or if not authorized, that it has not been ratified by the execution debtor.
But the Supreme Court holds that such a judgment, and of course the sale thereunder, are not void on that account.
As to the other matters complained of in the advertisements, they are only irregularities which will not affect the validity of the sale. See 3d Ohio, 187, 194; 1st Disney, 585, 592; 41 B., 54.
No sufficient reason therefore appearing for setting aside the sale, the motion must be overruled.