DARIUS A. HOVEY, Respondent, v. MILO W. HILL and SUSANNAH B. LOVERIDGE, Appellants.

(GENERAL TERM, FOURTH DEPARTMENT, SEPTEMBER, 1870.)

The assignee of a mortgage is an incumbrancer within section 123 of the Code, and taking by assignment after (or recorded subsequently to), the filing of a *lis pendens* in an action to set aside the conveyance of the mortgaged premises to his mortgagor, as fraudulent against creditors of the latter's grantor, is charged with knowledge of the facts set forth in the action, and bound by the judgment therein recovered.

The assignee of a mortgage, takes, subject to equities against it in favor of the mortgagor, but not, it seems, subject to latent equities in favor of the mortgagor's creditors.

But it is otherwise when the assignee takes with knowledge of such equities, and without paying value.

THIS was an appeal by the defendant from a judgment for the plaintiff entered upon the report of a referee.

The action was brought to set aside as fraudulent a mortgage upon land described in the complaint, upon which the plaintiff claimed a lien through a judgment against the defendant, Hill.

The referee found that the plaintiff had recovered a judgment for $27,000 against the defendant, Hill, and that the same was duly docketed in Erie county, where the premises, covered by the mortgage, were situated. That execution had been issued upon the judgment and returned unsatisfied. That the premises so covered by the mortgage had been conveyed by several conveyances made by the daughters of the defendant, Hill, and by others, to one Lewis O. Hill, his brother, which conveyances were in an action brought by the plaintiff against the defendant, Hill, and others, the grantees and grantors of the premises, set aside as having been made by the procurement of the defendant, Hill, and as fraudulent and void against his creditors.

That prior to the commencement of that action the defendant, Hill, entered into negotiations with one Abbott for conveyance of the premises, to him (Abbott), by quit claim deed from Lewis O. Hill, which deed the defendant, Hill, procured and retained in his hands, and then entered into other negotiations, with one Rowley, for conveyance of the premises to him, for $5,000, part of the agreed price to be incumbrances then existing thereon for $2,000, and the balance $3,000 to be secured by Rowley's mortgage on the premises.

That pursuant to such arrangement, Rowley, acting under direction of the defendant, Hill, executed, nominally to Abbott, a mortgage upon the premises, without any bond or personal obligation, and conditioned for the payment of $3,000, which was acknowledged by Rowley and delivered to the defend-

ant, Hill. That afterward the defendant, Hill, delivered to Abbott the deed to him from Lewis O. Hill, and procured from Abbott a quit claim deed to Rowley, executed and acknowledged, and also procured Abbott to execute an assignment of the mortgage in blank.

That the deed and assignment of the mortgage were delivered by the defendant, Hill, to his attorneys, in whose possession they remained until after commencement of the action, before mentioned, to set aside the conveyances to Lewis O. Hill as fraudulent against the creditors of the defendant, Hill, and the filing of a *lis pendens* therein, when the defendant, Hill, delivered the mortgage to the husband of the defendant, Loveridge, as agent for her, upon consideration of the surrender by Loveridge of certain notes held by him (Loveridge) against the defendant, Hill, and other securities accompanying the same, and a further payment of the sum of $1,500, and also inserted in the blank assignment the words, " L. D. Loveridge, agent," which assignment he then also delivered to Loveridge, who caused the same to be recorded in Erie county. That Abbott paid no consideration for the conveyance of the premises to him; nor did Rowley, except the execution and delivery of the mortgage.

And he further found that the conveyance by Lewis O. Hill to Abbott, and by the latter to Rowley, and the mortgage thereupon, being the mortgage set forth in the complaint, were made and executed without consideration, and that the said conveyances, and mortgage, and assignment thereof, were made with an intent on the part of the defendant, Hill, by whom they were procured to be made, to hinder, delay and defraud his creditors, and the plaintiff in particular, and that of all this the defendant, Loveridge, at and before the time of the transfer of the mortgage to her, had notice.

And he found as matter of law that the mortgage was fraudulent and void as against the plaintiff's judgment, and that the same was fraudulent in the hands of the defendant, Loveridge, and that the plaintiff was entitled to judgment declaring said mortgage fraudulent and void, &c.

*L. P. Perkins*, for the appellant.

*Joel L. Walker*, for the respondent.

Present—MULLIN, P. J., JOHNSON and TALCOTT, JJ.

By the Court—MULLIN, P. J.   Upon the evidence in this case the referee was justified in finding that the mortgage which is the subject in controversy in this suit was not trans-ferred to Mrs. Loveridge until after the filing of the notice of *lis pendens* in the creditor's suit brought by this plaintiff against Hill and al., to set aside the conveyances covered by the mortgage in question to Lewis O. Hill, as fraudulent and void as against the creditors of Milo W. Hill.

The questions to be decided are : Was the *lis pendens* con-structive notice to Mrs. Loveridge of the facts alleged in the complaint as to the fraudulent character of the dealings between the defendants in the suit in reference to the pro-perty covered by the mortgage, or was it constructive notice that the title of the mortgagor was fraudulent and void as against the plaintiff, a creditor of Milo W. Hill ?   If not, then did Mrs. L. have actual notice of the fraudulent conduct of the defendants in that action, or such notice as should have put her on inquiry as to the *bona fides* of the dealings of the defendants in relation to the land covered by the mortgage, or of the title of the mortgagor to the said premises.

In England and in this State prior to 1823, the mere com-mencement of a real action in the court of law or filing a bill in equity affecting the title to land were notice to all the world ; and every person acquiring title to the land to which the action at law or suit in equity related, subsequent to the commencement thereof, took it charged with notice of the suit and of the matters charged in the bill of complaint in. regard to the said land.   (*Murry* v. *Ballou*, 1 J. C. R., 566, 577 ; Adams' Equity, 324, note 2 ; *Griffith* v. *Griffith*, 1 Hoffs. Ch. R., 153 ; *Parks* v. *Jackson*, 11 Wend., 442 ; *Houghton* v. *Slade*, 22 Barb., 161.)

Hovey *v*. Hill and Loveridge.

In 1823 the legislature of this State (Laws of that year, chap. 182, § 11), required in order to charge persons not parties to a suit in equity, with notice of its pendency, that the complainant should file with the clerk of the court a notice of the pendency of the suit, containing the title of the cause, the general objects of the action, and a description of the lands to be affected thereby.

This provision of the act of 1823, was incorporated into the Revised Statutes (vol. 2, 103, 2d ed., § 48); it was adopted by the codifiers and forms section 132 of the Code of Procedure, modified in some respects, but it is not necessary now to consider these modifications.

The object of the creditor's suit in which the *lis pendens* was filed was to set aside the conveyances to Lewis O. Hill, from the daughters of Milo W. Hill, and from Lewis C. to Abbott, and from Abbott to Rowley, as having been made by the procurement of Milo W. for his benefit without consideration, and with the intent of cheating and defrauding his creditors.

The fact that such an action for such a purpose, and that the complaint contained these charges of fraud were made known by the plaintiff on the 8th June, 1865, being the day on which the *lis pendens* was filed. That suit was prosecuted to judgment declaring the conveyances fraudulent and void as against the plaintiff. The plaintiff did all that was required to perfect the *lis pendens*.

Mrs. L. must not only be held to have been charged with notice of the matters above mentioned, but she is bound by the judgment in that action. Section 132 of the Code above cited expressly provides that from the time of filing the notice the pendency of the action is constructive notice to a purchaser or incumbrancer of the property affected thereby, and every person whose conveyance or incumbrance is subsequently executed or *subsequently recorded*, shall be deemed a subsequent purchaser or incumbrancer, and shall be bound by all proceedings taken after the filing of such notice, to the same extent as if he were made a party to the action. Mrs.

L., as owner by assignment of the mortgage in question, is an incumbrancer and therefore within the terms of the statute. She took the mortgage, subject to all equities existing against it in favor of the mortgagor against the mortgagee, but not to the latent equities of the mortgagor's creditors. (*Westfall* v. *Jones*, 23 B., 9 ; 7 Paige, 316; 2 J. Ch., 512; 2 J. C. R., 442.) The equities of the mortgagor if any could have been ascertained by inquiry. But we cannot say that the assignee could have ascertained who were creditors, nor that he could have obtained the information if he had. (2 J. C. R., 442.) But the assignment did not infuse into the mortgage any additional validity. If it was void in the hands of the assignor for fraud or want of consideration, it was equally invalid in the hands of the assignee.

Upon the facts found by the referee (and of their correctness, I entertain no doubt) the mortgage was not a valid security for any purpose in the hands of Abbott, or of Lewis O. or Milo W. Hill. Lewis took the title to and held the land in fraud of Milo's creditors. He never had a particle of equitable interest in it. No interest was intended to pass to Abbott. He was the mere conduit to transmit the nominal legal title to such other person as should purchase of Hill.

The mortgage given by Rowley belonged to Milo, who was the real owner of the land, and therefore entitled to its proceeds. Abbott in assigning to Mrs. L. the mortgage transferred just such interest as Milo W. had in it against his creditors; that was just nothing whatever. Had Mrs. L. been a *bona fide* purchaser for value without notice, she would have held the mortgage, discharged of all equities of the creditors, but it is obvious she did not pay value, and it is found that she had notice of the invalidity of the mortgage and of the rights of the creditors of Milo W. when she purchased. (*Seymore* v. *Wilson*, 19 N. Y., 417; 3 Barb. Ch., 451 ; *Carter* v. *Griswold*, 3 Edw., 364.)

I have not stopped to consider the question whether a mortgage gives to the holder such an interest in the land covered

by it as to charge such holder with notice, by *lis pendens*, as it seems to me too plain for argument.

I am in favor of affirming the judgment with costs.

Judgment affirmed.